UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA CYKTOR,<br><br>Plaintiff,<br><br>v.<br><br>SOO AE, DK COSMETICS, ABC CO. 1-10, JOHN DOE 1-10,<br><br>Defendants. | Civil Action No.<br><br>19-8809 (MCA) (LDW)<br><br>**REPORT & RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter having been opened by the Court *sua sponte* based on plaintiff Patricia Cyktor's failure to comply with the Court's February 6, 2020 Order to Show Cause (ECF Nos. 21, 22), it is respectfully recommended that plaintiff's complaint be stricken and that this action be dismissed without prejudice.

**BACKGROUND**

The Complaint was filed by counsel on November 20, 2018 in the Superior Court of New Jersey, Middlesex County, and defendants filed an Answer on December 26, 2018 before removing the action to this Court on March 21, 2019 under diversity jurisdiction. In her Complaint, plaintiff claims she was injured after using a black charcoal face mask manufactured by defendants. (ECF No. 1-1). Counsel for the parties appeared for an initial scheduling conference on October 1, 2019, and the Court entered a pretrial scheduling order setting discovery deadlines. (ECF No. 12). In a December 13, 2019 letter, defendant DK Cosmetics requested leave to motion a motion to dismiss plaintiff's complaint for failure to provide discovery responses. The Court conducted a telephone conference on January 7, 2020 to follow up with the parties about

whether plaintiff had come into compliance with her discovery obligations. Plaintiff's counsel, however, informed the Court that he had been unable to reach or communicate with his client and could not confirm whether plaintiff intended on proceeding with her claims. The Court then issued an order directing plaintiff to respond to all outstanding written discovery requests on or before January 31, 2020. (ECF No. 17). During a January 28, 2020 telephone conference, plaintiff's counsel reported that plaintiff had not responded to multiple letters and failed to appear for an appointment.

Accordingly, the Court issued an order directing plaintiff to appear in person on March 5, 2020 to show cause at 10:15 a.m. why the Court should not recommend dismissal of this action. (ECF Nos. 21, 22). Plaintiff's counsel appeared in person at the show cause hearing, as did counsel for DK Cosmetics. Plaintiff's counsel confirmed that he attempted to communicate the Court's instruction to appear to plaintiff through regular and certified mail, telephone calls, and email. However, as of 11:23 a.m. on March 5, 2020, plaintiff still had not appeared at the in-person show cause as directed. Nor did she contact the Court or her counsel to request an adjournment or explain her absence.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the Court to impose sanctions, including dismissal, if a party "fails to failure to appear at a scheduling or pretrial conference," "fails to obey a scheduling or other pretrial order," or fails to prosecute a case. Fed. R. Civ. P. 16(f)(1)(A), 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2), 41(b).

In *Poulis v. State Farm Fire and Casualty Company*, the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013) (per curiam); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b)." *C-Pod Inmates of Middlesex Cty. Adult Corr. Ctr. v. Middlesex Cty.*, Civ. A. No. 15-7920, 2018 WL 4006809, at *4 (D.N.J. July 31, 2018) (citing *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007)). The Court concludes that the *Poulis* factors, addressed below, weigh in favor of dismissal.

**1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff alone is responsible for her failure to comply with this Court's orders to produce discovery and appear for the show cause hearing. Counsel confirmed that he notified plaintiff of her discovery obligations and Court appearance but plaintiff did not respond. Plaintiff's failure to comply demonstrates a decision to disregard the Court's orders.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's orders has prejudiced defendants by forcing them to continue defending a matter against an absentee plaintiff who appears to have no interest in pursuing her own claims.

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's orders, and thus has demonstrated a history of dilatoriness. According to counsel, plaintiff has been unresponsive to requests for communication since about April of 2019.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith. The circumstances taken as a whole, however, suggest that plaintiff has abandoned this matter.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous opportunities to appear or provide a position to the Court, and despite this Court's warning of the consequences of continued inaction, plaintiff has failed to respond to Court orders and prosecute this case. The Court has been unable to move this action forward. On these facts, no lesser sanction would be effective.

**6. Meritoriousness of the Claims.** Given that plaintiff became unresponsive at a very preliminary stage of this action, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court orders, including an order to show cause why this case should not be dismissed, which demonstrates a pattern of non-compliance and dilatoriness. It appears that plaintiff has elected to abandon the case she initiated. On balance, the *Poulis* factors weigh in favor of recommending dismissal of this action without prejudice.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 16(f). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Federal Rule of Civil Procedure 72(b)(2).

Dated: March 5, 2020

*Leda D. Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

4